**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TRUSTEES OF CARPENTERS PENSION
TRUST FUND - DETROIT AND VICINITY,

    Plaintiff,

v.

Case No. 06-CV-15095

CIMARRON SERVICES, INC, et al.,

    Defendants.
                                     /

**ORDER GRANTING "PLAINTIFF'S MOTION TO STRIKE JURY DEMAND"**

Pending before the court is "Plaintiff's Motion to Strike Jury Demand," which was filed on June 22, 2007. Defendants responded on July 3, 2007. Having reviewed the motion and supporting briefs, the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

**I. BACKGROUND**

In this Employment Retirement Income Security Act, 29 U.S.C. §1132, ("ERISA") case, Plaintiff filed its complaint on November 14, 2006, advancing five causes of action: (I) Unpaid Withdrawal Liability, 29 U.S.C. § 4221, (II) Controlled Group Liability, 29 U.S.C. § 4001, (III) Transaction to Evade Liability, 29 U.S.C. § 4069, (IV) Breach of Fiduciary Duty, 29 U.S.C. § 4301 and (V) Successor/Alter-Ego Liability. (11/14/06 Compl.) Plaintiff filed an amended complaint on April 20, 2007, which added new defendants. (4/20/07 Compl.) Defendants first asserted their jury demand in their answer to the amended complaint. (5/3/07 Answer at 8.) Plaintiff argues that this withdrawal liability case is statutory in nature and that a jury may not decide Counts I-III in an ERISA context. (Pl.'s Br. at 5-7.) Regarding Counts IV and V, Plaintiff contends

that claims of breach of fiduciary duty and alter-ego liability are equitable in nature and therefore not subject to the Seventh Amendment right to a jury trial. (*Id.* at 7-8.) In response, Defendants concede that there is no right to a jury for ERISA withdrawal liability claims. (Defs.' Resp. at 1-2.) Defendants assert, however, that the amended complaint goes beyond ERISA in its claim of alter-ego liability, which relies on common law principles and is therefore subject to the Seventh Amendment right to a jury. (*Id.* at 1.) Defendants appear to argue that a jury must first make a finding of alter-ego liability before ERISA liability can potentially attach to the new defendants. (*Id.* at 2.) Defendants did not respond to Plaintiff's argument regarding breach of fiduciary duty.

## II. DISCUSSION

The right to a jury trial under the Seventh Amendment hinges on whether the cause of action was at law, in which case the right exists, or at equity, in which case the right generally does not attach. *See e.g. Curtis v. Loether*, 415 U.S. 189, 194-96 (1974); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). ERISA created new causes of action that have no common law origin and analog. To a large extent, private ERISA actions also vindicate public rights, as expressed in the statute's provision seeking to secure the system of retirement savings for the public. *See e.g. Connors v. Ryan's Coal Co.*, 923 F.2d 1461, 1465 (11th Cir. 1991). As such, the Sixth Circuit has held that, in general, civil actions seeking to enforce ERISA carry with them no right to a jury trial. *See Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1988); *Crews v. Central States, Southeast & Southwest Areas Pension Fund*, 788 F.2d 332, 338 (6th Cir. 1986). Defendants therefore do not contest that Counts I-III, which explicitly seek to enforce

ERISA, are not subject to the right to a jury trial. The court also sees no reason to conclude otherwise.

Counts IV and V, similarly, depend upon two indirect theories of ERISA enforcement. The former alleges breach of fiduciary duties arising exclusively from ERISA obligations that purportedly were not met. Count V advances a theory of alter-ego liability depending solely on the same putative ERISA violations. Accordingly, the legal and factual predicates of Counts IV and V are firmly rooted in ERISA and in Plaintiff's effort to enforce its rights under ERISA. As a consequence, these counts seek remedies created by Congress that did not exist at common law and therefore they give rise to no right to a jury trial. *See Bd. of Trustees of Western Conf. of Teamsters Pension Trust Fund v. Thompson Building Materials, Inc.*, 749 F.2d 1396, 1404 (9th Cir. 1984) ("Congress may delegate fact-finding functions to non-jury bodies in cases involving newly created statutory rights.") (citing *Atlas Roofing, Inc. v. Occupational Safety and Health Review Commission*, 430 U.S. 442, 458-61 (1977)) (other citations omitted). For this reason, courts have upheld the mandatory arbitration provisions of ERISA. Because the essence of the amended complaint is ERISA enforcement, Defendants' jury demand should be stricken. There is no right for a jury to decide Plaintiff's indirect theories of ultimate ERISA liability.

Further, Plaintiff's theories of breach of fiduciary duty and alter-ego liability are equitable in nature. "[T]he general principle in Michigan is that separate corporate identities will be respected, and thus corporate veils will be pierced only to prevent fraud or injustice . . . . Fraud or other attempts to evade the law justify invoking equity's power to look through and behind the legal entity of corporate existence." *Bodenhamer Blg.*

3

*Corp. v. Architectural Research Corp.*, 873 F.2d 109, 111 (6th Cir. 1989) (citations omitted). Plaintiff's breach of fiduciary duties claim is for accrued unpaid benefits and thus analogous to a claim for backpay, which is a claim sounding in equity. "If a party seeks solely injunctive relief or backpay, the relief sought is equitable and there is no right to a trial by jury." *Bair v. General Motors Corp.*, 895 F.2d 1094, 1097 (6th Cir. 1990) (quoting *United Transp. Union, Local 74 v. Consolidated Rail Corp.*, 881 F.2d 282, 286 (6th Cir. 1989)). For these additional reasons, the court will strike the jury demand.

### III. CONCLUSION

IT IS ORDERED that "Plaintiff's Motion to Strike Jury Demand" [Dkt # 24] is GRANTED.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 19, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-15095.CARPENTERS.PlsMotiontoStrikeJuryDemand.wpd

4

S:\Cleland\JUDGE'S DESK\C2 ORDERS\06-15095.CARPENTERS.PlsMotiontoStrikeJuryDemand.wpd