# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUSTEES OF CARPENTERS PENSION
TRUST FUND - DETROIT AND VICINITY,

    Plaintiff,

v.

    Case No. 06-CV-15095

CIMARRON SERVICES, INC, et al.,

    Defendants.
    _____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART "PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT"

Pending before the court is Plaintiff Trustees of Carpenters Pension Trust Fund's "Motion for Summary Judgment," which was filed on November 8, 2007. Defendants Cimarron Services, Inc. ("Cimarron"), Native American Millworks, Inc. ("Native American"), Native Construction, Inc. ("Native Construction"), Pinnacle Management, Inc. ("Pinnacle"), Randy M. Merrill and Judy A. Merrill responded on December 7, 2007. The matter is fully briefed and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). The court will, for the reasons stated below, grant in part and deny in part the motion. Because a detailed exposition of the underlying facts is not necessary, the court will discuss the necessary facts in its legal analysis.

## I. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-

moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a

2

verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original)(citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## II. DISCUSSION

Straightforward application of the Employment Retirement Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*, resolves this case. Cimarron contributed to Plaintiff's pension fund until Cimarron terminated its collective bargaining agreement on June 23, 2005. (Interrogatory at 9, Pl.s' Ex. 1.) Plaintiff calculated $1,374,695 in withdrawal liability and sent a demand letter to Cimarron's registered address on June 21, 2006.[1] (Demand Letter, Pl.'s Ex. 2.) After filing suit in this court, Plaintiff learned that the Merrills, Cimarron's principal stockholders, also own Pinnacle and Native, which the Merrills do not dispute. The Defendant companies therefore are members of a common controlled group. According to ERISA:

> For purposes of this subchapter, under regulations prescribed by the corporation, all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer. The regulations prescribed under the preceding sentence shall be consistent and coextensive with regulations prescribed for similar purposes by the Secretary of the Treasury under section 414(c) of Title 26.

---

[1] Defendants deny receipt of this letter. (Randy Merrill Aff. at ¶ 9, Defs.' Ex. 1.)

29 U.S.C. § 1301.  Under the applicable regulations of the Secretary of the Treasury, the Defendant companies qualify as a "brother-sister group of trades or businesses under common control."  14 C.F.R. § 1.414(c).  While Defendants deny that Cimarron had any successor or that Native American ever conducted any business (without explaining the relevance under ERISA of either contention),[2] (Defs.' Br. at 5-6), Defendants present no authority challenging their common controlled group status, only bald and unsupported assertion.  In particular, Defendants do not elaborate upon the proposition that "[w]hile the common control provisions of ERISA are generally interpreted broadly, they should not extend to the factual situation present [sic] to this Court in this case."  (Defs.' Br. at 6.)  The court sees nothing in the record which suggests unusual circumstances that do not fall under the plain meaning of ERISA's common controlled group provisions.

Under ERISA, a common control group is treated as a single employer that is jointly and severally liable for any withdrawal liability.  29 U.S.C. § 1301(b); *see also Central States Southeast and Southwest Pension Fund v. Chatham Properties*, 929 F.2d 260, 262 (6th Cir. 1991).  Defendants are thus liable for any of Cimarron's liability.  Cimarron's liability, in turn, is clear under ERISA.  Upon termination of Cimarron's

---

[2]Defendants also assert, without arguing relevance under ERISA, that Pinnacle has never performed work other than construction management and that no facts suggest that it was formed to circumvent ERISA obligations.  (Defs.' Br. at 6.)  The nature of the work that a business does bears no relevance to the question of whether it is part of a common controlled group.  Relying upon the reports of the United States House and Senate, the Sixth Circuit has observed that "the primary purpose of the common control provision [of ERISA] is to ensure that employers will not circumvent their ERISA and [Multiemployer Pension Plan Amendments Act] obligations by operating through separate entities."  *Mason*, 852 F.2d at 159 n.2.  This court expresses no view concerning why Pinnacle was formed.

4

participation in the pension plan, Plaintiff properly notified Defendants of its demand for amounts owed. 29 U.S.C. §§ 1381-82; 1399. ERISA then constrained Defendants to demand, within sixty days of notification, arbitration as the exclusive forum for challenging the amount of liability. § 1401(a). In this case, Plaintiffs sent notice by certified mail to Cimarron's registered address, which was accepted. While Cimarron disputes receipt and protests that it had left that place of business, it offers no refutation of or explanation for why its business was still registered at that address. Nor do Defendants cite authority that would outline under what circumstances a court should find that a certified mailing to a registered business address constitutes inadequate notice under ERISA. There can thus be no question of fact that Plaintiff notified Cimarron pursuant to § 1399(b)(2)(B). Further, even if the court were to accept the filing of this lawsuit as the earliest notification that Defendants received, Defendants did not seek arbitration within sixty days of receiving this complaint.

By failing to demand arbitration, Defendants are in essence in default for the amount Plaintiff claims. According to the statute:

> If no arbitration proceeding has been initiated pursuant to subsection (a) of this section, the amounts demanded by the plan sponsor under section 1399(b)(1) of this title *shall be due and owing* on the schedule set forth by the plan sponsor. The plan sponsor may bring an action in a State or Federal court of competent jurisdiction for collection.

29 U.S.C. § 1401 (emphasis added); *see also Mason and Dixon Tank Lines, Inc. v. Central States, Southeast and Southwest Areas Pension Fund*, 852 F.2d 156, 160 n.3 (6th Cir. 1988). The court sees no reason to find other than the amounts Plaintiff claims are due and owing under ERISA. Defendants offer no persuasive countervailing authority.

5

With respect to Plaintiff's passing request for an award of costs and attorney fees, Plaintiffs provide the court with no authority that would support such an award. ERISA permits this court in its discretion make such an award. 29 U.S.C. § 1132(g)(1). In the absence of a reasoned and persuasive argument supporting Plaintiff's request, the court will not grant costs and attorney fees.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Summary Judgment" [Dkt # 34] is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED with respect to Defendants' liability under ERISA and DENIED with respect to Plaintiffs' request for costs and attorney fees.

IT IS FURTHER ORDERED that counsel confer and submit to the court **by January 23, 2008** a proposed judgment stipulated as to form.  If counsel cannot reach a stipulation, counsel shall submit separate proposed judgments by **January 25, 2008**.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 14, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 14, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522